IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION



DISTRICT TITLE, A CORPORATION )
1150 Connecticut Avenue NW, #201 )
Washington, DC 20036 )
  ) Civil Action No. 0 0 0 5 5 2 3
        Plaintiff, )
  )
  )
    v. )
  )
ANITA K. WARREN (FORMERLY KNOWN )     RECEIVED
AS ANITA K. DAY) ) Civil Clerk's Office
21895 Pegg Road, #211 )
Lexington Park, MD 20653 )    SEP 0 2 2014
  )
And ) Superior Court of the
) District of Columbia
) Washington, D.C.
)
TIMOTHY DAY )
12390 Point Lookout Road )
Scotland, MD 20687 )
  )
        Defendants. )

## COMPLAINT

### (Breach of Contract; Trover and Conversion)

Plaintiff District Title, a Corporation ("District Title"), by and through its

undersigned counsel, and for its claims against Defendants Anita K. Warren (formerly

known as Anita K. Day) and Timothy Day, respectfully states as follows:

### PARTIES

1.     District Title is a District of Columbia corporation in the business of

conducting real estate settlements.

2.     Upon information and belief, Anita K. Warren (formerly known as Anita K.

Day) is an adult domiciliary of the State of Maryland. Upon information and belief, as

set forth herein, Anita K. Warren has caused tortious injury in the District of Columbia by an act or omission in the District of Columbia. This action also arose from her having an interest in, using, or possessing real property in the District of Columbia.

3.      Upon information and belief, Timothy Day is an adult domiciliary of the State of Maryland. Upon information and belief, as set forth herein, Timothy Day has caused tortious injury in the District of Columbia by an act or omission in the District of Columbia. Upon further information and belief, Timothy Day was operating a business out of the Property for a number of years.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over the claims asserted herein, pursuant to D.C. Code §11-921 (2001 ed.)

5.      This Court has personal jurisdiction over the parties, pursuant to D.C. Code §13-423.

## FACTUAL ALLEGATIONS

6.      By deed dated May 25, 1976 and recorded June 3, 1976 among the Land Records of the District of Columbia as Instrument No. 14447, Anita K. Warren (then known as Anita K. Day) and William Day Jr. acquired real property located in the District of Columbia known as Lot 16 in Square 3650, having the address of 3205 7th Street, NE, Washington, DC 20017 ("the Property") as joint tenants.

7.      On January 11, 2008, William Day, Jr. executed a Deed of Trust securing Wells Fargo Bank, N.A. (hereinafter, from time to time, "the Mortgage Lender") in the

amount of $544,185.00. Said Deed of Trust was recorded among the Land Records of the District of Columbia on May 28, 2009, as Instrument No. 2009056963. The Deed of Trust secured an adjustable rate home equity conversion loan agreement, also-known-as a reverse mortgage note.

8.    Also on January 11, 2008, William Day, Jr. executed a Deed of Trust securing the Secretary of Housing and Urban Development in the amount of $544,185.00. The Deed of Trust secured the same note referenced above in Paragraph 7, and was recorded on May 2, 2009 as Instrument No. 2009056964.

9.    William Day, Jr. died December 22, 2012, a resident of the District of Columbia. Upon his death, Anita K. Warren (formerly known as Anita K. Day) became the sole owner of the Property.

10.    Anita K. Warren contracted with 3205 7th Street, L.L.C. to sell the Property for the amount of Five Hundred Thousand Dollars ($500,000.00).

11.    At the time Anita K. Warren agreed to sell the Property, and at the time that the parties went to settlement the Property was burdened by the Deeds of Trust referenced above in Paragraphs 7 and 8.

12.    At a settlement held on July 11, 2014, Anita K. Warren sold and transferred the Property to 3205 7th Street, L.L.C., and was, upon information and belief, fully aware that the Property was encumbered by the Deeds of Trust referenced above in Paragraphs 7 and 8.

13.    The total amount due as a pay-off for the loan secured by the Deeds of Trust referenced above in Paragraphs 7 and was $293,514.44, at the time of closing. See

3

copy of pay-off attached hereto as Exhibit 1. This pay-off was inadvertently not included at the time that disbursements from the settlement were made, which resulted in the amount due for the pay-off being mistakenly wired to a bank account held by Anita K. Warren.

14.     Upon information and belief, the Defendants, being fully aware that they mistakenly received funds in the amount of $293,514.44, then conspired to convert those funds to their own use.

15.     Several days following the closing, the Mortgage Lender contacted District Title to inform it that the funds for the pay-off of the loan secured by the Deed of Trust had not been received. It was at this time, that District Title discovered that the funds had been mistakenly wired to Anita K. Warren.

16.     Despite requests and demands for payment, the Defendants have failed and refused – without justification – to return the funds to which they have not right or interest. Upon information and belief, the Defendants have already wrongfully disbursed some of the funds, and/or have used those funds to purchase another piece of real estate.

17.     Subsequent to the Defendants conversion of those funds, the Mortgage Lender demanded the payment from District Title. Accordingly, District Title brought this lawsuit against the Defendants to recover the funds, among other damages. See Complaint, filed herein.

4

18.   Due to the Defendants' actions and continued bad faith District Title has been required to hire the undersigned counsel to bring this action to recover the amounts owed by the Aikens.

## COUNT I
## (Breach of Contract – Defendant Anita K. Warren)

19.   District Title incorporates by reference paragraphs 1 through 18, inclusive, as if each were repeated separately herein.

20.   On July 11, 2014, at the closing on the Property conducted by District Title, Anita K. Warren signed an agreement with District Title.   See Exhibit 2.   As part of that agreement, Anita K. Warren agreed that "errors or omissions shall be adjusted and paid by the appropriate party within 10 days of notification by District Title".   The agreement also provides for the payment of all reasonable attorneys' fees and costs incurred by District Title in the event of collection efforts.

21   Several days following the closing, the Mortgage Lender contacted District Title to inquire as to the pay-off for the loan secured by the Deed of Trust referenced above in Paragraph 8.   It was at this time that District Title discovered that the pay-off funds had been mistakenly wired to Anita K. Warren.

22.   Despite requests for payment, the Anita K. Warren, and Timothy Day, have failed and refused – without justification – to return the funds that are rightfully due and owing to the Mortgage Lender.

23.   Anita K. Warren's failure and refusal to return the funds constitutes a breach of the contract memorialized by the agreement between Anita K. Warren and District Title.

24.     Anita K. Warren is subject to liability for breach of contract.

25.     District Title has sustained damages as a direct and proximate cause of the

Defendant's breach of contract, in an amount of at least $293,514.44, the precise

amount to be proved at trial, plus its attorneys' fees and costs incurred herein.

## COUNT II
### (Trover and Conversion – All Defendants)

26.     District Title incorporates by reference paragraphs 1 through 25, inclusive,

as if each were repeated separately herein.

27.     On July 11, 2014, District Title conducted a closing on the Property, in

which Anita K. Warren transferred her rights to the Property in exchange for a buyer's

payment of $500,000.00.

28.     Upon information and belief, Defendants knew that the Property was

encumbered by a loan and Deed of Trust in the amount of $293,514.44 that would be

satisfied at closing.

29.     Several days following the closing, the Mortgage Lender contacted District

Title to inquire about the pay-off of the loan.  Upon receiving this communication,

District Title discovered that the pay-off funds had been mistakenly wired to an account

held by Anita K. Warren.

30.     Upon information and belief, Anita K. Warren and Timothy Day have acted

in concert to illegally convert the funds to which they know they have no right, title or

interest to their own use.

31.     Upon further information and belief, Anita K. Warren and Timothy Day have

acted in concert to conceal their acts or otherwise conceal the use of the converted funds.

6

These acts include the purchase of real property by Timothy Day in Worcester County in the State of Maryland with a portion of the funds mistakenly wired by District Title which the Defendants have converted to their own use.

32.     Despite requests for payment, the Defendants have failed and refused – without justification – to return the funds rightfully due and owing to the Mortgage Lender.

33.     The Defendants' acceptance of the substantially increased proceeds from the sale of the Property were not previously agreed upon, intentional, without permission or justification, and constituted a conversion of District Title's property.

34.     The Defendants' failure to return the funds constitutes bad faith and other conduct for which the Court should award Plaintiff its reasonable attorneys' fees and costs.

35.     The Defendants are subject to liability for their aforementioned wrongful conduct.

36.     District Title has sustained damages as a direct and proximate cause of the Defendants' aforementioned wrongful conduct, in an amount of at least $293,514.44, the precise amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff District Title, A Corporation d/b/a District Title respectfully requests that this Court grant it the following relief:

(a)    enter judgment in its favor and against Defendants in an amount of at least $293,514.44, the precise amount to be proved at trial, plus prejudgment and postjudgment interest;

(b)    enter judgment in its favor and against Defendants for its attorneys' fees and costs incurred herein, the precise amount to be proved at trial, plus prejudgment and postjudgment interest; and

(c)    award such other and further relief as this Court deems just.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By:_____

/David H. Cox, Esq. (Bar No. 250167)
Brian W. Thompson, Esq. (Bar No. 496467)
1120 - 20th Street, N.W.
South Tower
Washington, D.C.  20036
(202) 457-1600
E: DCox@jackscamp.com
E: BWThompson@jackscamp.com

Counsel for Plaintiff District Title

07/11/2014 10:13:55 AM -0500 ENTERPRISE FAX                                      PAGE 2   OF 6



Loan ID: 0082563131

July 11, 2014                                             VIA FAX: (202) 518-9301

DISTRICT TITLE, A CORPORATION
JACKIE BAKER

Re:   RMS Loan #:        1281708                    FHA Case #
      Borrower(s) Name:  WILLIAM DAY JR
      Property Address:  3205 7TH ST NE
                         WASHINGTON, DC 20017-0000

Dear DISTRICT TITLE, A CORPORATION

This letter contains the payoff figures requested good through July 21, 2014 for the above referenced Reverse
Mortgage. During this process, any monthly payments and line of credit advances will be suspended. If this
loan is currently in a default status, we will continue our proceedings for the loan.

As indicated in this letter, interest is calculated on a daily basis. We will therefore accept the full payment
amount whenever it is paid and collect interest only to the date of that payment.

**THIS STATEMENT REFLECTS THE PAYOFF DATE YOU PROVIDED**

PAYOFF QUOTE

TOTAL PRINCIPAL, INTEREST AND OTHER AMOUNTS DUE UNDER REVERSE
MORTGAGE LOAN AGREEMENT, PROMISSORY NOTE AND SECURITY INSTRUMENT

| | |
|---|---:|
| Prior Month End Balance | $293,027.65 |
| Interest to 07/21/2014 | $175.01 |
| | $80.28 |
| | $35.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $165.00 |
| | $0.00 |



PLAINTIFF'S
EXHIBIT
1

Net Limit MIP
Service Fee
Fidelity Appraisal Fee
Attorney Costs
Attorney Fees
Forced Place Insurance
Fidelity Corporate Advance - Misc. other fees
Fidelity Property Preservation
        08/22/2013 T INSP INSPECTION
$15.00
        09/16/2013 T INSP INSPECTION
$15.00
        10/15/2013 T INSP INSPECTION
$15.00
        11/15/2013 T INSP INSPECTION
$15.00
        12/11/2013 T INSP INSPECTION
$15.00
        01/13/2014 T INSP INSPECTION
$15.00
        02/12/2014 T INSP INSPECTION
$15.00
        03/19/2014 T INSP INSPECTION
$15.00
        04/14/2014 T INSP INSPECTION
$15.00
        05/13/2014 T INSP INSPECTION
$15.00
        06/12/2014 T INSP INSPECTION
$15.00
Fidelity Corporate Advance - Taxes

TOTAL AMOUNT DUE UNDER THE REVERSE MORTGAGE LOAN
AGREEMENT, PROMISSORY NOTE AND SECURITY INSTRUMENT          $293,482.94

**ADDITIONAL CONTRACTUAL AND OTHER FEES AND CHARGES DUE**

Recording Cost                                             $31.50

TOTAL CONTRACTUAL AND OTHER FEES AND CHARGES
DUE                                                        $31.50

**TOTAL AMOUNT DUE**                                      $293,514.44

Funds received after July 21, 2014 will require additional per diem interest in the amount of $12.78

07/11/2014 10:13:35 AM -0500 ENTERPRISE FAX                    PAGE 4   OF 6

**ALL FIGURES MUST BE VERIFIED 24 HOURS PRIOR TO PAYOFF. FOR YOUR CONVENIENCE, PLEASE CALL 1-800-472-3209**

**ALL FIGURES ARE SUBJECT TO FINAL VERIFICATION BY THE NOTEHOLDER AND MAY CHANGE IF A DISBURSEMENT WAS MADE FOR ANY REASON PRIOR TO RECEIPT OF FUNDS**

**FUNDS MUST BE MADE BY WIRE, CASHIER'S CHECK OR CERTIFIED FUNDS**

WHERE TO SEND PAYOFF FUNDS
By Wire:

Wells Fargo Bank, N.A.
Beneficiary Bank ABA:
Beneficiary Bank Acct.
Special Information for Beneficiary:

By Overnight Mail:

Wells Fargo Home Mortgage
Reverse Mortgage Servicing
Attn: Payoff Dept MAC D3348-018
3480 Stateview Blvd
Fort Mill, SC 29715

Apply funds to RMS loan number: 1281708

Sender's Name and Phone Number:

FUNDS MUST BE RECEIVED BY 2 P.M. EASTERN TIME FOR SAME-DAY PROCESSING.

PAYOFFS ARE NOT POSTED ON WEEKENDS OR HOLIDAYS; INTEREST WILL BE ADDED TO THE ACCOUNT FOR THESE DAYS.

BORROWER'S RESPONSIBILITIES
If you are planning to move, please be sure to provide us with your new mailing address, so we can send you any year-end statements and other documents in a timely manner.  For your convenience, you can indicate your new address on the Payoff Transmittal Form included in this packet.

PAYOFF TRANSMITTAL FORM
The attached coupon must accompany the payoff funds to ensure proper processing and forwarding of future documentation.  It is only necessary to fax the form below to 1-866-365-0842 if you have wired funds and the mailing address is changing.

Once the loan has been paid off, we will release the first lien and request the US Department of Housing and Urban Development to release the second lien, which will be forwarded to you directly by their office.  Any questions regarding the release of your loan documents should be directed to our Lien Release Department via fax at 1-866-365-0842.  Please include the loan number, borrower name, payoff date and contact information.

If you have any additional questions or require updated payoff figures, please contact us at 1-800-472-3209.

Sincerely,

Wells Fargo Home Mortgage
Reverse Mortgage Servicing

File #14-0533 SMS

This page is attached to and incorporates the HUD-1 Settlement Statement involving the undersigned and prepared by District Title**.

The parties and District Title agree as follows:

(A) The settlement is subject to further adjustments between the parties. Borrower(s) and Seller(s) agree that: errors or omissions shall be adjusted and paid by the appropriate party within 10 days of notification by District Title; unpaid adjustments shall bear interest to District Title at the rate of 12% per annum from the date of notification until paid in full. In the event of collection efforts by District Title, the party against whom the efforts are made shall pay all reasonable attorney's fees and costs associated with such efforts. Included in the foregoing amounts (subject to the same rate of interest and fees), District Title, may at its option (but shall not be obligated to), advance funds necessary to complete recordation and in such event the Borrower or Seller agree to promptly reimburse District Title for any such funds advanced. Further Borrower and Seller acknowledge that settlement and disbursement are subject to receipt and clearance of all funds necessary to complete the transaction and that in the event that any such funds are not received or fail to clear, District Title is authorized to cease processing the transaction and discontinue payment of all disbursements until additional funds are received and cleared, and is release from any liability arising out of such non-receipt or failure of funds to clear normal banking channels. Borrower(s) acknowledge receipt of a copy of the Truth in Lending Statement and in the case of refinance, two copies of the Notice of Right to Cancel. All signatories hereto acknowledge receipt of privacy policies from both District Title and the title insurance underwriter referenced on the settlement statement.

(B) The accuracy of any information furnished to District Title by other parties is merely reported and not guaranteed by District Title. District Title assumes no liability, express or implied, for matters not appearing of record at the time of this examination; for any tax consequences; for notices, or actual violations of any laws, criminal or otherwise, or governmental regulations, ordinances, rules, orders or requirements, issued by any department, office, or any other authority or agency of any local, state, county, or federal government as to ownership occupancy, taxes, zoning, environmental or otherwise, for the terms, or any notice or violation of the terms, of any document(s) to which District Title is not party. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(C) The SELLER (S)/PROPERTY OWNER(S) warrant that to the best of seller(s) knowledge there are no deeds of trust, mortgages, or assessments levied or pending, judgments, tax liens, or other liens or other unpaid bills of any nature whatsoever affecting the property other than those listed and accurately calculated on the HUD-1 Settlement Statement and the SELLER(s)/PROPERTY OWNER(S) hereby guarantee(s) at seller(s) option indemnification or prompt and immediate payment, full satisfaction, and release of same. District Title is not responsible for the payment of any utility bills and District Title's liability for the payment of any utility bills, if any, is limited to the amounts reflected on the HUD-1 Settlement Statement. District Title, as a duly licensed agent of the title insurer, is entitled to receive a commission from the title insurance premium involved in this settlement

(D) District Title shall not be held liable for any damages arising from any neglect, wrongful act or delay of any courier or messenger services that District Title provides or hires.

(E) There is no attorney-client relationship between District Title and any party to this transaction. District Title has rendered no tax advice, legal advice or opinion regarding this transaction and the parties acknowledges that they are not relying upon any tax advice, legal advice or opinion from District Title. In this transaction District Title is acting as an agent of the title insurer identified on the HUD-1 settlement statement, and is performing a title examination for the purpose of complying with underwriting guidelines of the title insurer. District Title does not certify or guarantee the title to this property. An insured may seek redress for title claims under the terms of the title insurance policy, but the insured shall not seek redress from District Title for such claims. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(F) In the event that a dispute involving District Title, its agents, servants, and employees, shall arise among the parties to this transaction, any and all such disputes shall be resolved in accordance with the following alternative dispute resolution ("ADR") Agreement.

(1) All disputes, claims, or controversies of any kind and nature arising out of or relation to the relationship among the parties and District Title, including the validity and enforceability of this agreement, will be resolved through mandatory, binding arbitration. All parties are waiving their respective rights to have disputes resolved in court, including their rights to a trial by jury. The arbitration shall be resolved through the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF") according to the rules in effect at the time any request for arbitration is filed. District Title will provide information about these arbitration administrators upon request.

(2) The arbitration among the parties shall be conducted by an arbitrator selected mutually by the parties. In all cases, the arbitrator(s) must be a lawyer with more than 10 years of experience or a retired judge. Notwithstanding the foregoing Agreement to Arbitrate, any party may bring any claim against any other party in small claims court (but only small claims court for that jurisdictional amount) in that party's jurisdiction. All other claims or appeals must be arbitrated.

(3) The arbitrator's decision will be final, binding, and enforceable in any court of competent jurisdiction. Fees for the arbitration proceeding are governed by the rules and procedures of the selected arbitration administrator. However, District Title agrees to be bound by any determination made by the arbitrator concerning fees for the arbitration. Each party shall bear the expense of that party's attorneys, experts, and witnesses, regardless of which party prevails in the arbitration

(4) No party will serve as a class representative or participate as a class member in any dispute resolution or arbitration proceeding. Only a party's claim will be addressed in the arbitration proceeding, and no claims may be aggregated or additional parties added to the arbitration proceeding without the consent of all of the parties that are participating in arbitration. The place of arbitration (venue) will be determined according to the rules of the arbitration administrator, but in no event will arbitration be held in a county (or in the District of Columbia) in which District Title does not have a staffed office location

(G) If any portion of this Addendum to the HUD-1 Settlement Statement is void, voidable or unenforceable, or if the inclusion of some provision in this Addendum would render the Addendum unenforceable, the parties agree that the void, voidable, or unenforceable provision will be served from the remainder of the Addendum, leaving the remainder of the Addendum enforceable.

APPROVAL AND RECEIPT OF A COPY OF THIS ADDENDUM IS HEREBY ACKNOWLEDGED BY SIGNING BELOW.

PURCHASER(S)/BORROWER(S)                                  SELLER(S)

3205 7th Street N.W. C                                    Anita K. Day, now known as Anita K. Warren

DISTRICT TITLE

Authorized Signatory for District Title and not individually

** The term District Title refers to the company District Title, A Corpora[...] states other than Virginia and for the company
District Title & Escrow, LLC for transactions involving property in the C[...]



PLAINTIFF'S EXHIBIT 2

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DISTRICT TITLE
Vs.                                                    C.A. No.      2014 CA 005523 B
ANITA K. WARREN

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge HERBERT B DIXON JR
Date:  September 3, 2014
Initial Conference: 9:30 am, Friday, December 12, 2014
Location:  Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001                              Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

District Title, A Corporation
1150 Connecticut Avenue, NW, #201          Plaintiff
Washington, DC 20036

vs.

14 - 0005523

Case Number _____

Anita K. Warren (Formerly Known As Anita K. Day)
21895 Pegg Road, #211          Defendant
Lexington Park, MD 20653

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David Cox, Esq. (#250167)
Name of Plaintiff's Attorney
Jackson & Campbell, P.C.
1120 Twentieth St NW, South Tower, Suite 300
Address
Washington, DC 20036

202-457-1600
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                     CASUM.doc