UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DISTRICT TITLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-1808 (ABJ) |
| ANITA K. WARREN, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Defendants Anita Warren and Timothy Day have moved for summary judgment, contending that plaintiff District Title lacks standing to pursue its claims in this case. Because plaintiff has the necessary standing, the motion will be denied.

The Court has set forth the full factual background of this case in numerous previous orders, and repeats only the relevant facts here. *See* Order (Dec. 15, 2014) [Dkt. # 21] (granting plaintiff's motion for preliminary injunction); Order (Jan. 9, 2015) [Dkt. # 29] (denying defendants' motion to stay preliminary injunction); Mem. Op. & Order (June 1, 2015) [Dkt. # 40] (denying defendants' motions to dismiss and defendant Warren's motion to compel arbitration and stay proceedings); Mem. Op. & Order (June 15, 2015) [Dkt. # 46] (denying defendants' motion to stay discovery).

Plaintiff is a real estate settlement company that, on July 11, 2014, handled the sale of a property formerly owned by defendant Warren. Am. Compl. [Dkt. # 5] ¶¶ 1, 14; Ex. 10 to Am. Compl. [Dkt. # 5] (contract between plaintiff and defendant Warren). At the time of the sale, plaintiff mistakenly wired $293,514.44 that was owed to Wells Fargo, the mortgage lender, to defendant Warren. Am. Compl. ¶ 15. Plaintiff alleges that defendant Warren's adult son,

defendant Day, assisted his mother with the settlement process and was present at the closing, Aff. of Steven Sushner, Ex. B to Pl.'s Opp. to Defs.' Mot. for Summ. J. [Dkt. # 48] ("Sushner Aff.") ¶¶ 10, 12; Mot. for Prelim. Inj. Hr'g Tr., Dec. 12, 2014 ("Hr'g Tr.") at 17[1], and that immediately afterwards, defendant Warren transferred some of these funds to defendant Day and others. *See, e.g.*, Ex. 2 to Am. Compl. [Dkt. # 5] (cashier's check for $100,000 made out to defendant Day and Anthony Silva[2]); Ex. 7 to Am. Compl. [Dkt. # 5] (cashier's check for $33,000 made out to defendant Day). Plaintiff also alleges that defendants spent and have repeatedly refused to return the funds, *see, e.g.*, Sushner Aff. ¶¶ 16–27, which defendants have yet to deny.

Defendants moved for summary judgment on June 8, 2015, on the sole ground that plaintiff does not have standing to pursue its claims. Mot. for Summ. J. [Dkt. # 43] ("Defs.' Mot.") at 1 ("There is no material fact in dispute that the entirety of the money demanded by District Title would be money due to non-party Wells Fargo."). Defendants' theory is that although it was District Title that received and was supposed to disburse the funds at the settlement, it was District Title that inadvertently wired funds to defendant Warren, and District Title is now seeking the return of those funds based on its contract with Warren and other equitable grounds, District Title did not itself suffer the economic harm that could give rise to Article III standing because the

---

[1] At oral argument, defendants' counsel declined to contest plaintiff's assertion in an affidavit that Day was present at the closing and acknowledged that, as a result, that allegation would be accepted as evidence in this case. Hr'g Tr. at 17.

[2] Plaintiff alleges that Silva is a relative of the defendants. Mem. of P. & A. in Supp. of Pl.'s Mot. for Prelim. Inj. [Dkt. # 6-1] at 4, ¶ 17. Plaintiff also alleges that the $100,000 check was deposited in an account owned by Silva and used to purchase real property in Maryland. *See* Ex. 3 to Am. Compl. [Dkt. # 5] (copy of wire transfer from Silva to the Brennan Title Company); Ex. 4 to Am. Compl. [Dkt. # 5] (deed of trust).

money was ultimately owed to Wells Fargo. *Id.*; Mem. of P. & A. in Supp. of Mot. for Summ. J. [Dkt. # 43] ("Defs.' Mem.") at 6–7.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

A plaintiff can establish that it has standing by showing that: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000). The

"injury in fact" element, which is at issue here, requires a party to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982), quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *see also Public Citizen v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292 (D.C. Cir. 2007); *Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996).

This is an action for breach of contract brought by a party to the contract against the counterparty. The existence of the contract between District Title and defendant Warren is undisputed. Indeed, defendant Warren herself sought to invoke the terms of the same contract in her motion to stay and to compel arbitration. *See* Def. Warren's Mot. to Compel Arbitration & Stay Proceedings [Dkt. # 14]. In addition, this case seeks remedies in tort against defendants Warren and Day for their alleged wrongful failure to return funds that do not belong to them. As the Court has indicated twice before, plaintiff has standing to pursue its claims here:

> There is no question that plaintiff has standing to pursue its claims in this case. First, plaintiff's breach of contract claim against defendant Warren plainly alleges that plaintiff has suffered an "injury in fact" – the breach of the contract – that is "traceable to" defendant Warren and redressable by the Court. And, second, defendants' ongoing refusal to return the $293,514.44 to plaintiff has placed plaintiff squarely in the path of "imminent" and "concrete and particularized" harm. All parties appear to agree that this amount is still owed to Wells Fargo, and the fact that Wells Fargo may not yet have sought to collect the funds from plaintiff does not change the fact that defendants' refusal to return the funds has exposed plaintiff to liability.

Mem. Op. & Order (Jan. 9, 2015) at 9 (citations omitted); Mem. Op. & Order (June 15, 2015) at 6–7.

Nothing in defendants' summary judgment briefing alters this analysis. Defendants argue that plaintiff has "show[n] no demand letter, indeed no correspondence at all, from any other party to the real estate closing, demonstrating it has any obligation whatsoever to pay anyone," Reply

4

Mem. in Supp. of Defs.' Mot. [Dkt. # 49] at 9, nor otherwise established its injury in this case. Defendants further point to evidence that purportedly establishes that "Wells Fargo intends to seek its own remedies and has neither requested nor authorized District Title to do its bidding in this regard." Defs.' Mem. at 8; *see also* Ex. A to Defs.' Mot. [Dkt. # 43-2] (Adjustable Rate Home Equity Conversion Second Deed of Trust); Ex. B to Defs.' Mot. [Dkt. # 43-3] (Appointment of Substitute Trustees).

But defendants' exhibits do not establish any fact that is material that would require the entry of judgment in their favor. They do not demonstrate what intentions, if any, non-party Wells Fargo has with respect to defendants, and whether, in fact, the money owed to the lender will be retrieved through other means.

Moreover, even if Wells Fargo is pursuing its own remedies, that would not change the fact that plaintiff, too, has been injured. In a sworn affidavit, the president of District Title states that, because of defendants' refusal to return the funds, "District Title has been exposed to the Mortgage Lender for payment of the entire amount due to payoff the loan," and "District Title is also exposed to liability from the new owner of the Property and District Title's commercial lender for its outstanding line of credit." Sushner Aff. ¶ 28. In other words, plaintiff's evidence – which defendants have not rebutted – shows that plaintiff "has suffered some actual *or threatened* injury as a result of the putatively illegal conduct of the defendant[s]." *See Valley Forge*, 454 U.S. at 472 (emphasis added) (citation omitted); *see also AT&T Corp. v. FCC*, 349 F.3d 692, 699 (D.C. Cir.

2003) (holding that the potential liability of the plaintiff created an injury for purposes of standing).[3]

For all of these reasons, defendants' Motion for Summary Judgment [Dkt. # 43] will be denied. A separate order will issue.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: July 30, 2015

---

3  Moreover, the Court notes that Federal Rule of Civil Procedure 17 expressly contemplates that a party like plaintiff might be an appropriate plaintiff in a case like this one:

   (a) Real Party in Interest.

      (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

      (A) an executor;

      (B) an administrator;

      (C) a guardian;

      (D) a bailee;

      (E) a trustee of an express trust;

      (F) a party with whom or in whose name a contract has been made for another's benefit; and

      (G) a party authorized by statute.

Fed. R. Civ. P. 17.