**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

DISTRICT TITLE, a corporation,

    Plaintiff,

v.

ANITA K. WARREN, et al.,

    Defendants.

Civil Action No.: 1:14-cv- 1808 ABJ

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT TITLE'S MOTION FOR ORAL EXAMINATION OF JUDGMENT DEBTOR TIMOTHY DAY AND THIRD PARTIES, AND FOR LEAVE TO SERVE SUBPOENAS**

COMES NOW Plaintiff District Title, a Corporation ("District Title" or "Plaintiff"), by and through undersigned counsel, and hereby requests that this Honorable Court grant its Motion for Oral Examination of Judgment Debtor Timothy Day and Third Parties, and for Leave to Serve Subpoenas ("Motion"). In support thereof the Plaintiff states as follows:

**INTRODUCTION**

District Title requests that this Court set a date for an Oral Examination of Timothy Day and certain third parties who may have relevant information concerning Timothy Day's assets. Additionally, in aid of the Oral Examination and Judgment entered in this case, District Title requests that this Court grant it leave to serve subpoenas, including subpoenas *duces tecum*, upon certain third parties. The third parties that District Title seeks to serve subpoenas upon include Richard Faulkingham (who is believed to be in a relationship with, and possibly resides with, Timothy Day), Matthew LeFande, Esquire (Timothy Day's attorney who may have information concerning Timothy Day's assets, the disposition of certain assets, and funds provided for legal

fees), and Theresa White (Timothy Day's niece, who received funds from Timothy Day).  The Oral Examination and subpoenas are necessary to aid District Title in its judgment and execution of said judgment.

## ARGUMENT

District Title's Motion should be granted so as to provide for a mechanism by which District Title may be aided in enforcing its judgment.  Absent a hearing and leave to subpoena third parties, District Title will continue to be prejudiced in its pursuit of the amount awarded to it by this Court.  Defendant Timothy Day has previously demonstrated an unwillingness or inability to be forthcoming with information related to his disposition of funds to which he had no valid claim.

### I. The Relevant Rules

As demonstrated by the facts of this case, the applicable Federal Rules of Civil Procedure, the applicable D.C. Superior Court Rules of Civil Procedure, and the arguments set forth below, District Title is entitled to an oral examination of Timothy Day and the others requested to be examined.

Fed. R. Civ. P. 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  District Title is a judgment creditor.  District Title seeks to obtain discovery in aid of its judgment and/or execution from the judgment debtor, Timothy Day, and other persons who may have information that will aid in those efforts.

Per Fed. R. Civ. P. 69(a), the efforts undertaken by District Title in aid of its judgment and/or execution must comply with the procedures of the District of Columbia.  In the District of

Columbia, discovery and oral examinations are government by D.C. Superior Court Rule of Civil Procedure 69-I(a) and (b).  Rule 69-I(a) provides that the discovery procedures authorized by the Rules of Civil Procedure are available to the judgment debtor, with certain limitations and restrictions as set forth in 69-I(a).

D.C. Superior Court Rule of Civil Procedure 69(b) provides:

(b) Oral Examination in Court. The plaintiff may summon the defendant and, upon leave of court, any other person to appear in court on a date certain and submit to oral examination respecting execution of any judgment rendered. Any person so summoned may, upon leave of Court, be required to produce papers, records, or other documents at the examination. Any person summoned to appear for oral examination shall appear first in the Office of the Clerk. If the person summoned was personally served but fails to appear, the Court may, upon plaintiff's request, issue a bench warrant for the person's arrest. If the person summoned does appear, the Clerk shall present all pleadings and other documents in the case to the Court assigned to preside at the examination.

## II.    Necessity of Oral Examination and Issuance of Subpoenas

On November 13, 2015, this Court entered an Order granting summary judgment in favor of District Title against Timothy Day and Anita K. Warren.  As part of that judgment, the Court awarded District Title damages in the amount of $293,514.44, plus pre-judgment and post-judgment interest as set forth in the Order of November 13, 2015.  See Order attached hereto as Exhibit 1.  An appeal was filed by Defendants on December 14, 2015.  No supersedeas bond has been filed.

Timothy Day has demonstrated a repeated pattern of behavior prior to and during this litigation in which he has disposed of or concealed assets so that they would not be available for recovery by District Title.  As demonstrated previously, Timothy Day purchased real property in Worcester County, Maryland with proceeds from the sale of real property in DC to which he was not entitled.  Timothy Day also cashed cashier's checks in am amount over Ninety-nine Thousand Dollars ($99,000.00+), and has failed to make any accounting of those funds.  Day

3

simply admits that he received the cashier's checks, but contends he "cashed them and spent the money on [his] medical and end of life care expenses." See Day's response to District Title's Interrogatories, p. 7, #23 attached hereto as Exhibit 2. Day has never provided any proof or documentation regarding those funds, nor has he provided any documentation for expenses in excess of $500.00, as required by the preliminary injunction order.

Additionally, during the pendency of this litigation, Timothy Day purportedly transferred real property located in St. Mary's County, Maryland, having the address of 12390 Point Lookout Road, Scotland, Maryland to Matthew Ashburn, a friend, for an amount of money less than half of its appraised value. See deed attached hereto as Exhibit 3 and appraisal attached hereto as Exhibit 4. The purported transfer of the real property located in St. Mary's County is currently the subject of litigation in the Circuit Court for St. Mary's County identified as case number 18-C-15-000820. Among the claims asserted by District Title in that action is a claim of fraudulent conveyance. A copy of the St. Mary's Complaint (without exhibits) is attached hereto as Exhibit 5.

Timothy Day has never provided any accounting of the funds that were received from the transfer of that real property, nor has Timothy Day provided any information concerning an account with Escrow Hill Limited, the account to which those funds were transferred. See disbursement instruction signed by Timothy Day attached hereto as Exhibit 6, the assignment of funds attached hereto as Exhibit 7, and the wiring confirmation attached hereto as Exhibit 8. As clearly noted on the wiring confirmation, the funds appear to have been transferred out of the United States of America to a bank in New Zealand.

Furthermore, the Preliminary Injunction Order required Timothy Day to produce to District Title copies of all monthly checking, savings, money market, or investment accounts in

which he had any interest from July 11, 2014 to present. Neither Timothy Day nor his counsel has provided any monthly statement from Escrow Hill Limited. Attempts were made to locate and serve Escrow Hill Limited with subpoenas, while the discovery period was open, but those efforts were unsuccessful. District Title needs to continue those efforts post-judgment due to the lack of information provided by Day.

It is believed that Timothy Day's attorney, Matthew LeFande, may have information concerning assets held or transferred by Timothy Day, particularly the funds that were wired to Escrow Hill Limited. In an email, the purchaser of the St. Mary's County Property, Matthew Ashburn, states that Mr. LeFande is the attorney in the transaction for the seller, Timothy Day. See copy of email chain attached hereto as Exhibit 9.

Additionally, other third-parties, namely Richard Faulkingham and Theresa White, may have information concerning assets held or transferred by Timothy Day. Richard Faulkingham is believed to be Timothy Day's boyfriend, domestic partner, or spouse. Upon information and belief, Theresa White, Timothy Day's niece, may have received the amount of $10,000.00 and other items or funds, including a car. See copy of cashier's check attached hereto as Exhibit 10.

### III. Conclusion

District Title is the holder of a judgment against Timothy Day and Anita K. Warren issued by this Court. Pursuant to the Rules of this Court and the Rules of the Superior Court of the District of Columbia, District Title is entitled to avail itself of certain relief, including discovery and oral examinations of the judgment debtors and third-parties, in aid of its judgment or the execution of said judgment. The need for such relief is especially acute in this matter, given the representations concerning Timothy Day's health and the demonstrated failure of Day to make proper accountings per the Order of the Court.

WHEREFORE, for the foregoing reasons, Plaintiff District Title respectfully requests that this Court enter an order grant Plaintiff's Motion and grant it the following relief:

1) Set a date for Oral Examination; and

2) Grant Plaintiff leave to issue subpoenas *ad testificandum* and *duces tecum* to Timothy Day, Richard Faulkingham, Matthew LeFande, and Theresa White; and

3) Grant Plaintiff leave to issue subpoenas ad *testificandum* and *duces tecum* to Escrow Hill Limited, or to seek the issuance of said subpoenas in any jurisdiction where Escrow Hill Limited may be located; and

4) That this Court grant such other and further relief as justice may require.

Date: March 22, 2016

Respectfully Submitted,

*/s/  David H. Cox*

David H. Cox, Esq.
D.C. Bar #250167
JACKSON & CAMPBELL, P.C.
1120 20th Street, NW, South Tower, Ste. 300
Washington, DC 20036
(202) 457-1600
(202) 457-1678 (fax)
dcox@jackscamp.com
*Counsel for Plaintiff*