# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DISTRICT TITLE,

      Plaintiff,

v.

ANITA K. WARREN, *et al.*,

      Defendants.

Civil Action No. 14-1808
ABJ/DAR

## MEMORANDUM OPINION AND ORDER

Pending for determination by the undersigned is Plaintiff's Motion to Show Cause Why Timothy Day's Counsel Should Not Be Held in Contempt ("Motion to Show Cause") and Renewed Request for Issuance of Subpoena to Matthew LeFande ("Renewed Motion") (ECF No. 107). [1] Counsel for Defendant Warren, Matthew LeFande, Esq. ("Mr. LeFande"), as part of his opposition to said motion ("Mr. LeFande's Opposition") (ECF No. 108), filed a Request for a Protective Order. Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, the exhibits offered in support of the motions, the arguments of counsel during a status hearing conducted by the undersigned on April 24, 2017, and the entire record herein, Mr. LeFande's request for a protective order will be denied, and Plaintiff's renewed motion for the issuance of a subpoena will be granted. [2] Further consideration of Plaintiff's motion to show cause will be stayed.

---

[1] On April 12, 2017, the court received notice through suggestion of death that Defendant Timothy Day passed away on April 6, 2017. *See* Suggestion of Death (ECF No. 106). Accordingly, Defendant Anita Warren is the only remaining Defendant.

[2] The first of Plaintiff's motions for leave to serve subpoenas upon, among others, Defendant Day and Mr. LeFande, Motion for Oral Examination and for Leave to Serve Subpoenas (ECF No. 88), will be denied as moot.

## BACKGROUND

The entirety of the factual background can be found in the court's most recent Memorandum Opinion and Order (ECF No. 104), granting Plaintiff's request for letters rogatory. For the purpose of consideration of the pending motions, the following factual background is recounted.

On December 15, 2014, the assigned District Judge entered an Order (ECF No. 21), granting Plaintiff's motion for preliminary injunction. In said order, the court ordered the Defendants to comply with the following requirements:

> (a) On or before December 19, 2014, defendants must produce to plaintiff copies of monthly statements from July 11, 2014 until the present for all checking, savings, money market, or investment accounts in which they have an ownership or beneficial interest, either individually or jointly with each other or any other person;
>
> (b) On or before December 19, 2014, defendants must produce to plaintiff a list of all safe deposit boxes and the banks at which they are located which they own either individually or jointly with any other person;
>
> (c) Defendants may not sell, transfer, or encumber any real property in which they have any ownership interest in the District of Columbia, Maryland, or elsewhere, pending the resolution of this case;
>
> (d) Defendants may not sell, transfer, or encumber the property located at 3 Boston Drive, Berlin, MD 21811;
>
> (e) Beginning on Friday, December 19, 2014, and continuing each Friday thereafter until the resolution of this case, defendants must provide plaintiff with weekly statements detailing every withdrawal or transfer of funds from any checking, savings, money market or investment account and list every expenditure in excess of $500.00 (whether paid for by cash, credit card, or otherwise) during the previous seven days, identifying the date, amount, and the payee or recipient;
>
> (f) Defendants may not remove any funds currently stored in any safe deposit box pending the resolution of this case; and
>
> (g) Defendants may not withdraw or transfer more than $500.00 from any checking, savings, money market, or investment account at any one time pending the resolution of this case without express authorization of the Court.

District Title v. Warren, et al.

December 15, 2014 Order (ECF No. 21) at 18-19.

On September 28, 2015, Plaintiff moved for summary judgment. On November 13, 2015, the court granted Plaintiff's motion as to Count I (against Defendant Warren) for breach of contract, and as to Count III for unjust enrichment against both Defendants, awarding Plaintiff $293,514.44, and associated attorneys' fees, costs and prejudgment interest. *See* Memorandum Opinion (ECF No. 80) at 20.[3] In the Order granting Plaintiff's motion for summary judgment, the court directed that:

> (a) Defendants may not sell, transfer, or encumber the property located at 3 Boston Drive, Berlin, Maryland 21811;
>
> (b) Defendants must continue to deliver weekly statements to plaintiff that detail every withdrawal or transfer of funds from any checking, savings, money market, or investment account and list every expenditure in excess of $500.00 (whether paid for by cash, credit card, or otherwise) during the previous seven days, identifying the date, amount, and the payee or recipient;
>
> (c) Defendants may not remove any funds currently stored in any safe deposit box;
>
> (d) Defendants may not withdraw or transfer more than $500.00 from any checking, savings, money market, or investment account at any one time without the express authorization of the Court.

November 13, 2015 Order (ECF No. 79) at 1-2.

On March 22, 2016, Plaintiff sought post-judgment discovery in aid of execution of the judgment. *See* Motion for Oral Examination and for Leave to Serve Subpoenas (ECF No. 88). The discovery sought at that time included leave to issue subpoenas to Defendant Day and named third parties, including Mr. LeFande and an entity known as Escrow Hill Limited. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Oral Examination and for Leave to Serve Subpoenas (ECF No. 88-1) at 6. Thereafter, the undersigned stayed consideration of the request

---

[3] Upon consideration of Plaintiff's Motion for Summary Judgment, the court found no occasion to address Count II. *See* Memorandum Opinion (ECF No. 80) at 18, n. 4.

District Title v. Warren, et al.

for leave to serve a subpoena upon Mr. LeFande, but granted the motion in all other respects. *See* 5/04/16 Minute Order.[4]

After several unsuccessful attempts to serve Escrow Hill Limited and obtain information from Defendants regarding any assets held by or transferred to Escrow Hill Limited, Plaintiff requested that the court issue letters rogatory to aid in the discovery process. *See* Motion for Issuance of Letters Rogatory (ECF No. 94). The undersigned granted Plaintiff's motion on December 3, 2016, and a letter rogatory was issued to the Auckland High Court, requesting international judicial assistance to serve Escrow Hill Limited in New Zealand. *See* Letter Rogatory (ECF No. 105).

Now at issue before the undersigned is Plaintiff's request for issuance of a subpoena to Mr. LeFande in furtherance of Plaintiff's attempt to execute the judgment entered by this court in 2015. Plaintiff proffers that in December 2016, during the pendency of a related trial in St. Mary's County, Maryland, concerning the alleged fraudulent conveyance of property owned by Defendant Day, testimony was elicited from the settlement escrow officer, Stephen Illyefalvi, regarding Mr. LeFande's involvement in the transfer of funds "via international wire transfer to Escrow Hill Limited." Plaintiff's Memorandum in Support of Its Motion for Order to Show Cause Why Timothy Day's Counsel Should Not be Held in Contempt, and Renewed Request for Issuance of Subpoena to Matthew LeFande ("Plaintiff's Memorandum") (ECF No. 107-1) at 4-5. More specifically, Plaintiff states that Mr. Illyefalvi "testified that not only was Mr. LeFande present at the real estate closing, but also that Mr. LeFande instructed that the seller's net funds be transmitted via international wire to Escrow Hill Limited[,]" and that another witness "testified at trial that [Mr. LeFande] facilitated the passing of contract documents between the parties to that transaction,

---

[4] On November 13, 2015, the court granted Plaintiff's motion for sanctions following Defendant Day's failure to appear for depositions. *See* Memorandum Opinion and Order (ECF No. 81).

including Timothy Day." *Id*. at 4. Plaintiff asserts that it served a subpoena upon Mr. LeFande for a deposition prior to the St. Mary's County trial, and attempted to contact him regarding the deposition, but that Mr. LeFande failed to respond. *Id*. Largely, on this basis, Plaintiff renews its motion for the issuance of a subpoena to Matthew LeFande to obtain information pertaining to post-judgment discovery.[5] In addition, Plaintiff moved for a show cause order requiring Mr. LeFande to demonstrate why he should not be held in contempt for his failure to reveal, or for concealing, certain assets. Plaintiff's Motion at 1.

Mr. LeFande opposes Plaintiff's motions, requests a protective order precluding the requested discovery, asserts his rights under the Fifth Amendment and contends that "no testimony can be taken from him." Mr. LeFande's Opposition at 1.[6] Mr. LeFande disputes aspects of Plaintiff's recitation of facts concerning the St. Mary's County action; however, while stating that Defendants appealed this court's entry of judgment in favor of Plaintiff, he omits any reference to the affirmance on appeal. *See* Mandate of USCA (ECF No. 99). Mr. LeFande cites to Rules

---

[5] As to the issue of contempt, Plaintiff contends that Defendants and their counsel failed to comply with the court's order on multiple occasions and have denied Plaintiff access to information regarding the financial accounts, transactions and assets of the Defendants, as ordered by the court. Plaintiff's Memorandum at 6. Plaintiff asserts that "[a]ny account with Escrow Hill Limited in which Mr. Day has any interest appears to fall within the account disclosures required by the Orders of this Court[,]" and thus, are subject to disclosure. *Id*. Plaintiff asserts that Defendants failed to comply with the court's directive to, *inter alia*, produce weekly reports of any expenditures, transfers, or withdrawals from that account in excess of $500.00, which would have included any and all information and documents related to Escrow Hill Limited, in the possession of Defendants and their counsel, including any communications with Escrow Hill Limited and account statements. *Id*. at 5. Plaintiff contends that "[a]t no time did Timothy Day, or his counsel, provide Plaintiff or this Court with any statement related to Escrow Hill Limited," rendering contempt an appropriate measure for the Plaintiff to pursue. *Id*. at 5-6.

[6] In response to Plaintiff's contempt allegations, Mr. LeFande challenges Plaintiff's assertion that he "fail[ed] to disclose the transfer of funds to Escrow Hill Limited[,]" arguing that information pertaining to those exact funds were disclosed and attached as Exhibits 8-10 to Plaintiff's Motion for Leave to Serve Subpoenas (ECF No. 88). Counsel's Opposition at 10. Additionally, Mr. LeFande opposes Plaintiff's allegations of inadequate compliance with this court's orders, and argues that "[t]he Plaintiff never explains exactly what contempt it alleges against this attorney… [and] fails to identify any order which this attorney was personally subject to, let alone that he violated asserts he has not failed to comply with any court order directed to him specifically." *Id*. Finally, Mr. LeFande contends that Plaintiff's motion was "brought for 'purely strategic purposes' to improperly deprive the remaining Defendant of 'the right of one to retain counsel of [her] choosing[,]'" in violation of District of Columbia Rule of Professional Conduct 8.4. *Id*. at 11-12 (internal citation omitted).

District Title v. Warren, et al.

---

District Title v. Warren, et al.

26(b)(2)(C) and 30(d) of the Federal Rules of Civil Procedure, but, more specifically, (1) "asserts a Fifth Amendment privilege as to any [] testimony" which the Plaintiff intends to elicit; (2) argues that Plaintiff's "sparse and conclusory allegations cannot overcome any privilege in the communications between this attorney [and] either Defendant[]"; (3) Plaintiff's motion is brought "for an improper purpose[,]" and (4) "further discovery on the St. Mary's transaction remains inappropriate." *Id*. at 7-14.

Plaintiff, in reply, submits that Mr. LeFande's assertion of his Fifth Amendment privilege is premature. Additionally, Plaintiff submits that the discovery it seeks is not subject to the attorney-client privilege, and that such a claim of privilege is premature in any event. Plaintiff's Reply to Opposition to Motion for Order to Show Cause why Timothy Day's Counsel Should Not be Held in Contempt, and Renewed Request for Issuance of Subpoena to Matthew LeFande ("Plaintiff's Reply") (ECF No. 109) at 1-3. Plaintiff reiterates its arguments regarding its request for an order directing Mr. LeFande to show cause, and finally, denies that the motion was brought for an improper purpose. *Id*. at 4-8.

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." A subpoena, conforming to the content, form and service requirements of Federal Rule of Civil Procedure 45, is a vehicle by which post-judgment discovery may be accomplished.

The court for the district where compliance is required must, on a timely motion, quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

**DISCUSSION**

For the reasons proffered by Plaintiff, and upon consideration of the entire record herein, the undersigned finds that the issuance of a subpoena to Mr. LeFande is an appropriate means by which Plaintiff may secure discovery in aid of execution of the judgment in its favor. Mr. LeFande does not dispute the facts proffered by Plaintiff in support of its contention that he has discoverable information, *see*, *e.g.*, Plaintiff's Memorandum at 3-4; rather, Mr. LeFande initially offers authorities with no obvious context, and next, prematurely invokes claims of Fifth Amendment and attorney-client privilege.

**I.     *Mr. LeFande's Reliance on the Cited Federal Rules of Civil Procedure and Evidence is Misplaced***

The first authorities initially offered by Mr. LeFande are Rules 26(b)(2)(C) and 30(d) of the Federal Rules of Civil Procedure, which generally provide limitations on discovery. Because Plaintiff's request is for the issuance of a subpoena, any intervention by the court to quash or modify the subpoena would be made pursuant to Rule 45(d)(3) (generally providing for quashing or modifying a subpoena upon timely motion), rather than Rule 26(b)(2)(C) or Rule 30(d). *See Goldstein v. FDIC*, 494 B.R. 82, 85-86 (D.D.C. 2013) ("[I]f the discovery sought is through a subpoena to a third party, and responding to the subpoena would 'require[] disclosure of privileged

8

District Title v. Warren, et al.

or other protected matter,' or 'subject[] a person to undue burden,' the third party may move to quash the subpoena under Rule 45.") (citations omitted).

However, even if the undersigned looked to either Rule 26(b)(2)(C) or Rule 30(d) for guidance in the consideration of Mr. LeFande's opposition to Plaintiff's motion, it would become readily apparent that Mr. LeFande has done no more than recite these rules, *see* Mr. LeFande's Opposition at 6, and has made no effort to demonstrate that the discovery sought by Plaintiff would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is less burdensome, or less expensive[]"; that Plaintiff "has had ample opportunity to obtain the information by discovery in the action[]"; that the discovery sought is "is outside the scope of discovery permitted by Rule 26(b)(1)[,]" or that Plaintiff proposes a "deposition" which a court may prospectively limit in "scope and manner[.]" [7]

The undersigned further finds that Mr. LeFande's citation to Rule 104(a) of the Federal Rules of Evidence is equally misplaced; the Federal Rules of Evidence govern, *inter alia*, "proceedings before[] United States district courts[,]" *see* Fed. R. Evid. 1101(a), and have no application to the issue of whether or not a subpoena should be issued.

## II.    *Mr. LeFande's Claims of Privilege Are Premature*

The bulk of Mr. LeFande's opposition to Plaintiff's motion for issuance of a subpoena is devoted to his assertion of both a Fifth Amendment privilege and attorney-client privilege. However, no authority supports the proposition that the threat by a witness to claim such privileges is a basis upon which to preclude the issuance of a subpoena. Rather, the applicable authorities

---

[7] To the extent Mr. LeFande intends his argument that "[f]urther discovery on the St. Mary's transaction remains inappropriate[,]" *see* Mr. LeFande's Opposition at 13, as a request for a limitation on the scope of any inquiry, such request must be rejected, as the facts and circumstances which form the basis of the argument are entirely extraneous to Plaintiff's motion for the issuance of a subpoena as part of discovery in aid of execution of this Court's judgment. In like manner, Mr. LeFande's citation to a rule of professional responsibility as part of his argument that Plaintiff "has intentionally driven a wedge between this attorney and the remaining indigent co-Defendant[,]" *see id*. at 12, is of no relevance to the issue presented here.

require that claims of such privileges be made in response to a specific question or questions actually posed, or specific documents actually requested. *See, e.g.*, *Byers v. Burleson*, 100 F.R.D. 436, 439 (D.D.C. 1983) ("A party who asserts a privilege in response to a notice of deposition should attend the deposition and submit to the court for resolution any matters which allegedly violate the privilege.") (citations omitted); Fed. R. Civ. P. 45(e)(2)(A) (providing the procedure by which a witness may invoke a claim of privilege as to subpoenaed documents "[i]n responding to a [s]ubpoena.").

Even were the undersigned to ignore this principle, Mr. LeFande's arguments could only be regarded as impermissible "blanket" claims of privilege. Thus, in the context of a claim of attorney-client privilege, this court recently held that "[a] blanket assertion of the privilege will not suffice. Rather, the proponent must conclusively prove each element of the privilege." *Banneker Ventures, LLC v. Graham*, No. 13-391, 2017 WL 2124388, at *2 (D.D.C. May 16, 2017) (citation omitted); *see also Goldstein*, 494 B.R. at 90 (even where a court perceives that a witness may have valid objections to some of the deposition questions or document requests, "this is not a proper ground for quashing the subpoena *ad testificandum*, but rather a reason for objecting to certain questions on a case by case basis, as questions implicating privileged communications arise."); *Resolution Trust Corp. v. Lopez*, 794 F. Supp. 1, 2 (D.D.C. 1992) (observing that "blanket assertions of the [Fifth Amendment] privilege are disfavored, . . . and at least one district court has required the respondent 'to specify, as to each document, the basis of [the] asserted Fifth Amendment privilege.'") (citation omitted).

**CONCLUSION**

For all the foregoing reasons, it is, this 2nd day of June, 2017,

**ORDERED** that Mr. LeFande's Request for a Protective Order (ECF No. 108) is hereby **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's Renewed Request for the Issuance of a Subpoena to Matthew LeFande, Esq. (ECF No. 107) is hereby **GRANTED.**

It is **FURTHER ORDERED** that further consideration of Plaintiff's Motion to Show Cause is hereby **STAYED**, pending Mr. LeFande's compliance with the subpoena.

It is **FURTHER ORDERED** that Plaintiff's Motion for Oral Examination and Leave to Serve Subpoenas (ECF No. 88), previously stayed by the undersigned on March 22, 2016, is hereby **DENIED AS MOOT**.[8]

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[8] *See supra* note 2.